TIMOTHY F. CULLEN, State Senator
The Senate Organization Committee has requested my opinion on whether a nonprofit trade association is qualified under section 163.90, Stats., to obtain a raffle license under section 163.92 as a "service organization" when all of the net proceeds of the raffle would be donated to a charitable or other tax exempt organization with no profits of the raffle inuring to the benefit of any of the trade association's officers, directors or members. The question has been raised by the Tavern League of Wisconsin which is interested in using the raffle mechanism to support charitable organizations in local communities or on the state level. In passing, it should be noted that only local organizations are eligible for a raffle license.
Those type of local organizations qualified to conduct a raffle are set forth under section 163.90 and, pertinent to this discussion, include service organizations and "any organization to which contributions are deductible for federal or state income tax purposes." The Tavern League of Wisconsin itself, and most or all trade associations, would not qualify under the second category even though the proceeds eventually might find their way to an organization which might so qualify.
The term "service organization" is not defined in chapter 163 or in any administrative rule. Section 990.01 (1) provides that: "All words or phrases shall be construed according to common and approved usage; but technical words and phrases and others that have a peculiar meaning in the law shall be construed according to such meaning."
There is no evidence that the term "service" was used in a technical sense in chapter 163 or that it was assigned or expected to carry a peculiar or legal meaning. I invite your attention to this relevant dictionary definition: "service club . . . 1: a club of business and professional men or women concerned esp. with the community welfare *Page 115 
and usu. forming part of a national or international organization." Webster's Third New International Dictionary 2076 (3rd ed. 1976).
It is my opinion that the Tavern League of Wisconsin does not qualify as a service organization.
Since the inception of the bingo and raffle programs, the Bingo Control Board has been frequently called upon to determine what constitutes a qualified service organization within the meaning of the appropriate statutes. The practical administrative construction of a statute by an agency charged with the task of applying it is entitled to great weight and will not be set aside unless clearly contrary to legislative intent. A.O. Smith Corp.v. ILHR Department, 88 Wis.2d 262, 267, 276 N.W.2d 279 (1979).
Any applicant who has been denied a license by the Department of Regulation and Licensing may demand in writing a hearing before the board concerning the applicant's qualifications. Sec. 163.95, Stats. As with any other decision by an administrative agency or board, an aggrieved party has a right to judicial review under chapter 227. Therefore, the proper procedure, if any doubt still exists, is for the Tavern League of Wisconsin to so apply and exhaust its administrative and judicial remedies.
It is of no legal significance that the recipient or recipients of the net proceeds might qualify as organizations to which contributions are deductible for federal or state income tax purposes. Under section 163.90, these organizations themselves would be eligible to receive a license and conduct a raffle. However, this does not mean that any other organization could receive a license and conduct the raffle in the name of the ultimate recipients.
BCL:DPJ